IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

_____

| | |
|---|---|
| LLOYD SCOTT MAIER, | Cause No. CV 12-22-H-DLC-RKS |
| Petitioner, | |
| vs. | FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE |
| LEROY KIRKEGARD; ATTORNEY GENERAL OF THE STATE OF MONTANA, | |
| Respondents. | |

_____

## I. Synopsis

On February 29, 2012, Petitioner Lloyd Scott Maier filed this action seeking a writ of habeas corpus under 28 U.S.C. § 2254. Mr. Maier is a state prisoner proceeding pro se. Mr. Maier's claims should be dismissed. His first claim is frivolous and his second was already adjudicated by the Montana Supreme Court.

## II. Preliminary Screening

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires courts to examine the petition before ordering the respondent to file

an answer or any other pleading. The petition must be summarily dismissed "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *Id.*

A petitioner "who is able to state facts showing a real possibility of constitutional error should survive Rule 4 review." *Calderon v. United States Dist. Court,* 98 F.3d 1102, 1109 (9th Cir. 1996) ("*Nicolaus*") (Schroeder, C.J., concurring) (referring to Rules Governing § 2254 Cases). "[I]t is the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer." Advisory Committee Note (1976), Rule 4, Rules Governing § 2254 Cases; *see also* 28 U.S.C. § 2243.

### III. Petitioner's Allegations

Mr. Maier alleges, first, that his 1996 sentence was based in part on a conviction whose date was falsified by the prosecutor so that it appeared to be a 1984 adult conviction when in fact it was a 1980 juvenile disposition. He asserts that this due process violation caused the trial court to lose jurisdiction to sentence him. Pet. (doc. 1) at 7-8, 13-14.

Mr. Maier also asserts that he was deprived of due process in clemency proceedings in 2005 and 2010. He contends a psychological report by Dr. Mozer contained false information, and his inability to call witnesses or present evidence to

dispute the 143 [sic] disciplinary write-ups he incurred between 1997 and 1998 in the maximum security unit interfered with his access to clemency proceedings. Pet. at 9-13.

## IV. Analysis

### A. First Claim

Mr. Maier's first claim is frivolous because he has previously filed at least three habeas petitions challenging his 1996 conviction, including at least one petition specifically challenging his persistent felony offender designation and purported use of his juvenile record. *See, e.g.*, Findings and Recommendation (doc. 5) at 2-4, *Maier v. Mahoney*, No. CV 11-79-BLG-RFC (D. Mont. July 29, 2011); Order (doc. 7) at 2-3, *Maier*, No. CV 11-79-BLG (D. Mont. Aug. 26, 2011).[1] *See also Maier v. Montana*, No. CV 04-69-GF-SEH (D. Mont. judgment entered Mar. 2, 2005); *Maier v. Mahoney*, No. CV 99-81-GF-RFC (D. Mont. judgment entered June 8, 2001).

This Court lacks jurisdiction over this claim. *Burton v. Stewart*, 549 U.S. 147, 149 (2007) (per curiam); 28 U.S.C. § 2244(b)(1).

### B. Second Claim

Mr. Maier has previously challenged the denial of his clemency applications,

---

[1] Maier appealed, and the appellate court denied a certificate of appealability. Order at 1, *Maier v. Attorney General*, No. 11-35734 (9th Cir. Dec. 21, 2011).

most recently by filing a petition for writ of habeas corpus in the Montana Supreme Court. His petition in that court was virtually identical to the instant federal petition.

On February 21, 2012, however, the Montana Supreme Court denied habeas relief. It said:

> Maier has a copy of the Mozer evaluation that he previously sought, which is included as Exhibit "A" to the petition. While he challenges the accuracy of this and other factual information and Dr. Mozer's professional opinions presented to the Board, Maier had the burden of establishing a prima facie case that he is entitled to habeas corpus. Maier's assertion that information presented to the Board in an executive clemency proceeding is substantially inaccurate is not sufficient to make a prima facie case that he is incarcerated illegally.

Order at 4, *Maier v. Kirkegard*, No. OP 12-0042 (Mont. Feb. 21, 2012) (Pet. Ex. A).

Under Montana law, a habeas action is an original proceeding that may be filed in a district court or in the Montana Supreme Court. Mont. Code Ann. §§ 3-2-202(1), 3-5-302(5) (2009).[2] A petitioner has "the burden of presenting to [the Montana Supreme Court] a record that is sufficient to make a prima facie showing" that the order he complains of "constituted a violation, deprivation, infringement, or denial of his constitutional, statutory, or legal rights." *Miller v. Eleventh Jud. Dist. Court*, 154 P.3d 1186, 1189 ¶ 14 (Mont. 2007), *cited in* Order at 4, *Maier*, No. OP 12-0042. In

---

[2] By contrast, for example, a postconviction proceeding originates in the district court, and the unsuccessful party may appeal to the Montana Supreme Court. Mont. Code Ann. §§ 46-21-101 to -203 (2011).

other words, a petitioner may not simply aver that false information was used against him. He must produce some evidence showing that the information was false.

Mr. Maier here failed to do so. He presented only his own unsupported allegations of falsehood; he did not present evidence showing either the truth of his allegations or the falsehood of the statements he challenged. Even assunming that false information and personal animosity in clemency proceedings might violate due process, *Ohio Adult Parole Authority v. Woodard*, 523 U.S. 272, 289, 209-91 (1998) (concurring and dissenting opinions), Mr. Maier's allegations of fact in the Montana Supreme Court plainly were not sufficient to support habeas relief. He did not support with evidence his assertions that false information and personal animosity were deployed against him.

The Montana Supreme Court's adjudication of the claims alleged in Mr. Maier's petition was not contrary to and did not involve an unreasonable application of clearly established Federal law. 28 U.S.C. § 2254(d)(1). Nor did it rely on an unreasonable determination of the facts in light of the fact that no evidence was presented to it. *Id.* § 2254(d)(2). Consequently, Mr. Maier may not present new evidence in this Court, *Cullen v. Pinholster*, __ U.S. __, 131 S. Ct. 1388, 1398 (2011), and relief is precluded by 28 U.S.C. § 2254(d).

## V. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Mr. Maier's first claim is frivolous and requires no further discussion.

As to the second claim regarding access to clemency proceedings, the Montana Supreme Court adjudicated the merits of the claim by concluding that Mr. Maier's state habeas petition failed to make out a prima facie case that he is in custody in violation of state or federal law. Its decision was reasonable, and Mr. Maier cannot present new evidence in this Court. This claim is resolved by the stringent standards of 28 U.S.C. § 2254(d) and *Cullen v. Pinholster*, __ U.S. __, 132 S. Ct. 1388 (2011).

A COA is not warranted on any issue.

Based on the foregoing:

## RECOMMENDATION

1. The Petition (doc. 1) should be DENIED on the merits.

2. The Clerk of Court should be directed to enter by separate document a judgment in favor of Respondents and against Mr. Maier.

3. A certificate of appealability should be DENIED.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), Mr. Maier may serve and file written objections to this Findings and Recommendation within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. If Mr. Maier files objections, he must itemize each factual finding to which objection is made and must identify the evidence in the record he relies on to contradict that finding; and he must itemize each recommendation to which objection is made and must set forth the authority he relies on to contradict that recommendation. Failure to assert a relevant fact or argument in objection to this Findings and Recommendation may preclude Mr. Maier from relying on that fact or argument at a later stage of the proceeding. A district judge will make a de novo determination of those portions of the Findings and Recommendation to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendation. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Mr. Maier must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address."</u>  Failure to do so may result in dismissal of his case without notice to him.

DATED this 16th day of May, 2012.

    /s/ Keith Strong
Keith Strong
United States Magistrate Judge