

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | | |
|---|---|---|
| LLOYD SCOTT MAIER, | ) | CV 12-22-H-DLC-RKS |
| Petitioner, | ) | |
| vs. | ) | ORDER |
| LEROY KIRKEGARD; ATTORNEY GENERAL OF THE STATE OF MONTANA, | ) | |
| Respondents. | ) | |

Petitioner Maier, a state prisoner proceeding *pro se*, has filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 alleging that his continued confinement violates due process. Petitioner argues that his 1996 sentence was based in part on the erroneous consideration of a prior juvenile conviction against him in violation of his due process rights. As a separate basis for relief, Petitioner

claims he was deprived of due process in clemency proceedings in 2005 and 2010 because (1) the board considered a psychological report containing allegedly false information and (2) Petitioner was not allowed to call witnesses or present evidence to dispute the many disciplinary write-ups he incurred while in the maximum security unit.

United States Magistrate Judge Keith Strong conducted preliminary screening of the Petition as required by Rule 4 of the Rules Governing Section 2254 cases in the United States District Courts. Under Rule 4, the Petition must be summarily dismissed "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the District Court." If summary dismissal is not warranted, the judge must order the respondent to file an answer, motion, or other response or to take some other action as ordered by the judge.

Judge Strong issued Findings and Recommendations in which he concludes that the Petition should be denied on the merits. With respect to the claim that his 1996 sentence violated due process, Judge Strong notes that Petitioner has filed at least three habeas petitions in the District challenging that conviction, including at least one setting forth this precise argument. Because this claim is therefore a second or successive habeas corpus application, Judge Strong concludes it must be dismissed under 28 U.S.C. § 2244(b)(1).

As to the claim related to denial of Petitioner's clemency applications, Judge Strong observes that an identical claim was recently presented—and denied—in a habeas petition in the Montana Supreme Court. In denying the state petition, the Montana Supreme Court held that Maier failed to meet his burden to make a prima facie showing that the information used against him in the clemency proceedings was false. Order at 4, Maier v. Kirkegard, No. OP 12-0042 (Mont. Feb. 21, 2012) (Pet. Ex. A). Under 28 U.S.C. § 2254(d),

> [a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Judge Strong considered the Montana Supreme Court's Order and determined that it was not contrary to federal law and was not based on an unreasonable determination of the facts. On that basis, he concludes that habeas relief is not available to Petitioner Maier under 28 U.S.C. § 2254, and the Petition should be denied. Judge Strong also recommends denial of a certificate of appealability.

Petitioner Maier timely objected, thereby preserving his right to de novo review of the record. 28 U.S.C. § 636(b)(1). In his objections, Maier argues that

he will only have a fair opportunity to succeed on his Petition if he is appointed counsel and allowed to present evidence at a hearing. Maier's objections do not address the legal basis for Judge Strong's Findings and Recommendations. Judge Strong does not recommend denial of the Petition on the grounds that it will fail on the merits, but rather because each claim is procedurally barred. Although Petitioner complains that procedural bars will prevent him from ever presenting his claims, his litigation history tells a different story. Petitioner has already presented these claims in both state and federal forums. He is now barred from bringing them again under 28 U.S.C. § 2254.

Upon de novo review, I agree with Judge Strong's Findings and Recommendations (Doc. No. 5) and therefore adopt them in full.

Accordingly, IT IS HEREBY ORDERED that the Petition is DENIED on the merits, and a certificate of appealability is DENIED. The Clerk of Court is directed to enter by separate document a judgment in favor of Respondents and against Petitioner Maier.

DATED this 7th day of June, 2012.

Dana L. Christensen, District Judge
United States District Court